**FILED**

AO 106 (Rev. 04/10)  Application for a Search Warrant

AUG 2 2 2017

# UNITED STATES DISTRICT COURT

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| | ) |
| Evidence Item N-109, currently located at the DEA Digital Evidence laboratory in Lorton, Virginia | ) Case No. **2 17 - SW - 7 4 5  DB** |
| | ) |
| | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841, 846 | Conspiracy to possess with intent to distribute a controlled substance |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Sharon Jones, Special Agent, Drug Enforcement Administration
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8-8-17

_____
*Judge's signature*

City and state:   Sacramento, California

Deborah Barnes, U.S. Magistrate Judge
*Printed name and title*

1  PHILLIP A. TALBERT
   United States Attorney
2  OWEN ROTH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900

5

6  Attorneys for Plaintiff
   United States of America

7

8                IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  In the Matter of the Search of:          CASE NO.

12  EVIDENCE ITEM N-109, CURRENTLY            AFFIDAVIT IN SUPPORT OF AN APPLICATION
    LOCATED AT THE DEA DIGITAL             UNDER RULE 41 FOR A WARRANT TO USE
13  EVIDENCE LABORATORY IN LORTON,          ADDITIONAL EXAMINATION TECHNIQUES
    VIRGINIA                               ON EVIDENCE ITEM N-109
14

15

16          I, Sharon A. Jones, being first duly sworn, hereby depose and state as follows:

17          1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of

18  Criminal Procedure for additional authority to conduct forensic examination of an electronic device that

19  is currently in possession of the Drug Enforcement Administration (the "DEA").  The nature of the

20  forensic examination could render the device unusable going forward.

21          2.      On or about March 23, 2017, I obtained authority to conduct forensic searches of thirty-

22  four electronic devices that were seized during searches executed on five locations in Sacramento and

23  Fairfield, California.  To provide further context for the Court, I attach here, as Exhibit A, the affidavit

24  supporting the forensic searches of these thirty-four devices, which I rely upon and incorporate to this

25  affidavit.  (Exhibit A, in turn, incorporated the affidavits supporting the searches of the five locations

26  where these thirty-four devices were found, and provided authority for the initial seizures of the thirty-

27  four devices.)

28          3.      This application concerns one of the thirty-four devices.  As detailed in Exhibit A, the

AFFIDAVIT                                    1

1  particular device has been designated "N-109" by the DEA for evidence-identification purposes. N-109

2  is a T-Mobile phone with serial number AAA7NE10A1516985.

3     4.     After receiving authority to conduct forensic searches of the thirty-four devices, including

4  N-109, DEA agents forwarded all of the devices to the DEA Digital Evidence Laboratory in Lorton,

5  Virginia.[1]  The Digital Evidence Laboratory has been conducting the forensic searches of the thirty-four

6  devices, but has notified me that N-109 cannot be effectively searched without employing non-

7  destructive extraction methods.  Specifically, the Laboratory has attempted all reasonable efforts to

8  extract data from N-109 without using non-destructive methods, and believes that an examination could

9  only find data to be seized if more invasive techniques are employed.  Specifically, the method of

10  extracting data will require partial or complete disassembly of N-109, which may cause permanent

11  damage to N-109 and/or render it non-functional.  The extraction method used will depend on

12  characteristics of N-109 and the method that will provide best results with the least amount of risk

13  involved.  Although such methods have proven to be successful, there is no guarantee data will be

14  recovered during the process, or that N-109 will be usable after the examination.

15     5.     I submit that use of such methods would not unfairly prejudice the user of N-109.

16  Investigators believe that the user of the phone was Rommel CIPRIANO, a principal in the drug

17  trafficking organization that is the subject of this investigation. As described in various portions of

18  Exhibit A (and incorporated affidavits), between December 2016 and February 2017, CIPRIANO was

19  intercepted via wire and electronic communications discussing the trafficking of various narcotics and

20  the production of counterfeit pharmaceutical tablets.  When law enforcement searched CIPRIANO's

21  residence (714 Adagio Drive, Fairfield, California) in February 2017, CIPRIANO jumped from the

22  second story of the residence and ran; he has been a fugitive since then.  Investigators subsequently

23  found N-109 at the residence of a family member, in a container of personal effects that a friend of

24  CIPRIANO's had left with the family member upon removing CIPRIANO's personal belongings from

25  714 Adagio Drive.  Given the evidence presently inculpating CIPRIANO and the authority that law

26

27

28  [1] All thirty-four devices were located and seized at locations in the Eastern District of California, pursuant to authority granted by this Court. They were then forwarded to the Digital Evidence Laboratory.

1    enforcement already possesses to search N-109, the only prejudice would be that CIPRIANO may not be

2    able to use N-109 in the future.  I submit that law enforcement's interest in searching N-109 outweighs

3    that interest.

4         6.    N-109 is currently in the lawful possession of the DEA based on seizure warrants

5    executed in the Eastern District of California, and the Court has previously authorized a forensic search

6    of it.  Therefore, while the DEA might already have all necessary authority to examine N-109, I seek

7    this additional warrant out of an abundance of caution to be certain that an examination of N-109 will

8    comply with the Fourth Amendment and other applicable law.

9         7.    Because this warrant seeks only permission to examine a device already in law

10   enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a

11   premises.  Consequently, I submit there is reasonable cause for the Court to authorize the requested

12   forensic execution at any time in the day or night.

13        8.    I submit that this affidavit supports probable cause for a search warrant authorizing the

14   forensic examination of N-109 to seek the items described in Attachment B.  I note that Attachment B to

15   this affidavit is the same Attachment B provided for the initial authorization to search N-109.  This

16   warrant seeks only to expand the means by which N-109 may be forensically examined, not the items

17   that may be seized.

18        9.    It is respectfully requested that this Court issue an order sealing, until further order of the

19   Court, all papers submitted in support of this application, including the application and search warrant.  I

20   believe that sealing these documents is necessary because the warrants are relevant to an ongoing

21   investigation into the criminal organizations.  Specifically, while four participants in the conduct – Jamie

22   RICHARDSON, Rommel CIPRIANO, Michael SNOWDEN-HALL, and Jaymar ROSS – have been

23   indicted, not all participants in the conduct have been arrested yet, and the investigation into the

24   underlying conduct is ongoing.  Public disclosure of these documents could have the effect of alerting

25   these individuals to the scope of the Government's ongoing investigation, which in turn could cause

26   them to destroy evidence, alter or cease their pattern of behavior, or flee.  For these reasons, sealing of

27

28

1  these documents until further order of the Court is respectfully requested.

2

3                                                    Respectfully submitted,

4

5                                                    Sharon A. Jones
                                                     Special Agent
6                                                    Drug Enforcement Administration

7

8  Subscribed and sworn to before me on:  8-18-17

9

10  The Honorable Deborah BARNES
    UNITED STATES MAGISTRATE JUDGE

11

12

13

14  /s/ OWEN ROTH
    Approved as to form by AUSA OWEN ROTH

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT                                      4

## ATTACHMENT A

The property to be searched is the following item of evidence, hereinafter the "Device," that is currently in the custody of the DEA.

| Device Description | Evidence No. |
|---|---|
| T-Mobile phone with serial no. AAA7NE10A1516985 | N-109 |

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B. Should law enforcement determine that the Device belongs to an individual who is not believed to be part of the investigation, and that the Device contains no evidence relevant to the investigation, law enforcement will return that Device.

**ATTACHMENT B**

1.      All records on the Device described in Attachment A that relate to violations of
Title 21, United States Code, Sections 841, 843, 846, 856, 331, and Title 18, United States Code,
Sections 371, 1956, 1957, 2320, and 922 and involve Jamie RICHARDSON, Rommel
CIPRIANO, Michael SNOWDEN-HALL, Jaymar ROSS, and others involved in the forgoing
violations including:

      a.   Communications evidencing any of the foregoing violations, whether in draft or
complete form, drafted or sent in any communications medium such as a
communications application (e.g., WhatsApp, SnapChat), text message, e-mail,
and in any form (e.g., text message, picture, emoji, video or audio file) and
whether with a supplier, customer, or other participant in the conduct underlying
the foregoing violations

      b.   Documents evidencing acquisition, use, sale, maintenance or refurbishment, or
storage of any items used in the process of cultivating marijuana or of mixing
substances for pressing into tablet form and any items used to cultivate marijuana
or press substances into tablet form, including but not limited to pill presses, parts
for pill presses, dyes, trays, lights, power-generating or supplying equipment,
water or nutrient distribution

      c.   Documents evidencing any efforts to study authentic drugs and controlled
substances manufactured by pharmaceutical companies, including efforts to
understand the physical or chemical properties of such drugs and controlled
substances and how to mimic or copy them

      d.   Documents evidencing acquisition, distribution, sale, storage, of disposal of any
drug or controlled substance and any material to be mixed with a controlled
substance

      e.   Documents evidencing any use or movement of proceeds from the manufacturing,
creating, and distributing of counterfeit drugs or controlled substances

      f.   Documents evidencing customers, potential customers, former customers, all for
counterfeit drugs and controlled substances, and related identifying information

      g.   Documents evidencing types, amounts, and prices of counterfeit drugs and
controlled substances trafficked as well as dates, places, and amounts of specific
transactions, and as well as the ingredients in each of the drugs or controlled
substances

      h.   All bank records, checks, credit card bills, account information, and other
financial records.

       i.   Account usernames or identifiers related to e-mail services, communications applications services, or cloud-based storage services

       j.   Any documents recording computer, tablet, or wireless phone use

      k.   Metadata concerning any of the foregoing

    2.     All names, words, telephone numbers, e-mail addresses, communications applications registered usernames, passwords, time/date information, messages or other electronic data in the memory of the Device or on any server associated with the Device.

    3.     Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "Documents" and "Information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created, used, or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data), any photographic or text-based form, and in whatever folder, file, application (including wireless telephone "apps"), program, or other structure they are located in.

**<u>Exhibit 1</u>**

1   PHILLIP A. TALBERT
    United States Attorney
2   OWEN ROTH
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916) 554-2700
    Facsimile:  (916) 554-2900
5

6   Attorneys for Plaintiff
    United States of America
7

8                   IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   In the Matter of the Search of:           CASE NO.

12   EVIDENCE ITEMS N-47, N-58 TO N-65, N-     AFFIDAVIT IN SUPPORT OF AN APPLICATION
     69, N-71 TO N-73, N-80 TO N-95, N-106 TO  UNDER RULE 41 FOR A WARRANT TO
13   N-110, ALL CURRENTLY LOCATED AT           SEARCH DEVICE
     THE DEA SACRAMENTO DISTRICT
14   OFFICE, 4328 WATT AVENUE IN
     SACRAMENTO, CALIFORNIA
15

16

17        1.      I, Sharon Jones, being first duly sworn, hereby depose and state as follows:

18              I.      **INTRODUCTION AND AGENT BACKGROUND**

19        2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of

20   Criminal Procedure for search warrants authorizing the examination of property – electronic devices –

21   which are currently in possession of the Drug Enforcement Administration (the "DEA"), and the

22   extraction from that property of electronically stored information described in Attachment B.

23        3.      I am a Special Agent of the United States Department of Justice, Drug Enforcement

24   Administration (the "DEA") and have been so employed since December of 2006. I am currently

25   assigned to the Sacramento District Office, Tactical Diversion Squad.

26        4.      As a DEA agent, I have assisted in the execution of over thirty search warrants for

27   controlled substances and related paraphernalia, indicia, and other evidence of violations of federal drug

28   statutes. I have participated in at least fifteen investigations targeting individuals and organizations

AFFIDAVIT                                  1

1   trafficking heroin, cocaine, crack cocaine, marijuana, methamphetamine, and other controlled

2   substances as defined in Title 21 United States Code, Section 801.

3       5.    I have also become familiar with the manner in which drug traffickers use telephones,

4   often cellular telephones, to conduct their illegal operations.

5       6.    I have been actively involved as a case agent in at least seven investigations and have

6   talked with confidential sources involved in trafficking narcotics. In addition, I have served as monitor

7   and as wire room supervisor on at least five federal wiretap investigations. I have experience in

8   analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers. As a result of my

9   experience, I have encountered and become familiar with the various tools, methods, trends,

10  paraphernalia, and related articles used by traffickers in their efforts to import, conceal, manufacture,

11  and distribute controlled substances and smuggle and/or launder drug proceeds.

12      7.    I am an "investigative or law enforcement officer" of the United States within the

13  meaning of Title 18, United States Code, Section 2510(7), in that I am an officer of the United States

14  empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title

15  18, United States Code, Section 2516.

16      8.    Through my training, experience, and interaction with other experienced Special Agents,

17  Task Force Agents, and other drug investigators, I have become familiar with the methods employed by

18  drug traffickers to smuggle, safeguard, store, transport, and distribute drugs, and to collect and conceal

19  drug related proceeds, and to communicate with other participants to accomplish such objectives.

20      9.    This affidavit is intended to show only that there is sufficient probable cause for the

21  requested warrant and does not set forth all of my knowledge about this matter.

22      **II.**    **IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

23      10.    As I describe in this affidavit, each of the items to be searched is a phone or a computer

24  that was seized pursuant to search-and-seizure warrants. After seizing and upon processing these items,

25  hereinafter the "Devices," law enforcement placed each Device in an evidence bag and sealed it, and

26  assigned the Device an evidence number. The evidence number for each Device begins with an "N-."

27  Accordingly, and as detailed further herein, I seek authority to search the Devices assigned evidence

28  numbers N-47, N-58 to N-65, N-69, N-71 to N-73, N-80 to N-95, N-106 to N-110.

1    11.    All of the Devices are currently located at the DEA Sacramento District Office at 4328

2    Watt Avenue in Sacramento, California.

3    12.    The applied-for warrant would authorize the forensic examination of the Devices for the

4    purpose of identifying electronically stored data particularly described in the Attachment B.

5    ### III.    **PROBABLE CAUSE**

6    13.    The DEA is investigating a poly-drug trafficking organization involved in the production

7    and distribution of marijuana and tablets containing drugs and controlled substances, including

8    counterfeit pharmaceutical tablets.  The investigation has included the interception of cellular phones

9    used by one Jamie RICHARDSON and one Rommel CIPRIANO, and has focused on these two

10   individuals and others believed to be involved in unlawful trafficking conduct.  On March 16, 2017, a

11   federal grand jury indicted RICHARDSON, CIPRIANO, Michael SNOWDEN-HALL, and Jaymar

12   ROSS under 21 U.S.C. §§ 841(a), 846, and 843(b).  (RICHARDSON was also indicated under 18

13   U.S.C. § 922(g).)

14   14.    This affidavit seeks authority to conduct forensic searches of the electronic items – the

15   Devices – that law enforcement seized pursuant to search warrants that were executed as part of this

16   case.  To provide further context for the Court, I attach here the affidavits supporting the searches of

17   these locations, which gave authority for the initial seizures of these devices, as Exhibits 1 and 2 to this

18   affidavit.

19   **A.    Background**

20   15.    On Sunday, February 26, 2017, this Court authorized warrants for five locations,

21   including the following:

22   • 85 Kennelford Circle in Sacramento, California (2:17-SW-173 AC).

23   • 6660 Valley Hi Drive in Sacramento, California (2:17-SW-174 AC).

24   • 7691 Rotherton Way in Sacramento, California (2:17-SW-175 AC).

25   • 714 Adagio Drive in Fairfield, California (2:17-SW-177 AC).

26   Each of these warrants authorized the seizure of mobile phones and computers as evidence relevant to

27   violations of 21 U.S.C. §§ 841(a)(2) and 846.  The authorization for these searches is attached as Exhibit

28   1 to this affidavit.

16.     In the course of the searches of these and other locations authorized to be searched, law enforcement found, among other things (i) approximately $754,000 in cash at 85 Kennelford Circle, (ii) a loaded Smith & Wesson firearm, (iii) approximately 1,051 counterfeit alprazolam tablets, (iv) approximately 202 tablets stamped with a turtle or Pacman logo that contained methamphetamine, (v) approximately 42 kilograms of processed marijuana and more than 100 marijuana plants, and (vi) evidence of efforts to set up an indoor marijuana garden.  Law enforcement also encountered an individual believed to be CIPRIANO at 714 Adagio Drive, who jumped out a second-story window and fled.  In light of the investigation and the searches, the Government has obtained an indictment from a grand jury on several charges for RICHARDSON, CIPRIANO, SNOWDEN-HALL, and one Jaymar ROSS, who was also found at 714 Adagio Drive.

**B.     Devices Seized on February 27, 2017**

17.     The foregoing warrants were executed on February 27, 2017.  During the execution of the search warrants, the following devices were seized.

**a.     7691 Rotherton Way, Sacramento, California**

18.     At 7691 Rotherton Way, law enforcement seized an ASUS customized desktop computer, designated with evidence number N-47 (Item No. 1).

**b.     85 Kennelford Circle, Sacramento, California**

19.     At 85 Kennelford Circle, the following Devices were seized:

| No. | Device Description | Evidence No. |
|-----|--------------------|--------------|
| 2. | Android ZTE phone, with case bearing the word "CHILL" | N-58 |
| 3. | Samsung white phone | N-59 |
| 4. | Alcatel black flip-phone | N-60 |
| 5. | Metro PCS phone | N-61 |
| 6. | Kyocera black phone | N-62 |
| 7. | Alcatel black "one-touch" phone | N-63 |
| 8. | Toshiba black laptop computer with serial no. XF01803P | N-64 |
| 9. | Toshiba black laptop computer with serial no. 3A269380Q | N-65 |

**c.     6660 Valley Hi Drive Sacramento, California**

20.     At the Gym Bully Nutrition business at 6660 Valley Hi Drive, the following Devices were seized.

| No. | Device Description | Evidence No. |
|---|---|---|
| 10. | Samsung black flip-phone | N-69 |
| 11. | HP model HP19 computer and monitor, with serial no. 3CR4390Y95 | N-71 |
| 12. | HP model Pavilion 20 computer and monitor, with serial no. 3CR30409J1 | N-72 |
| 13. | Lenovo machine-type 10110 computer and monitor, with serial no. CS00739935 | N-73 |

### d.    714 Adagio Drive, Fairfield, California

21.    At 714 Adagio Drive, the following Devices were seized.

| No. | Device Description | Evidence No. |
|---|---|---|
| 14. | Machines computer tower with SRO number 390536 | N-80 |
| 15. | Gateway computer | N-81 |
| 16. | Corsair black computer tower | N-82 |
| 17. | "My Passport" mini-computer | N-83 |
| 18. | Samsung white phone model SM-G360T1 | N-84 |
| 19. | Samsung black phone SGH-T599N UD | N-85 |
| 20. | LG black and blue flip-phone | N-86 |
| 21. | Nokia black and blue phone | N-87 |
| 22. | Nokia Model 100 blue phone | N-88 |
| 23. | LG black S/W V10e phone | N-89 |
| 24. | White iPhone | N-90 |
| 25. | Verizon black 4G LTE phone | N-91 |
| 26. | Black iPhone | N-92 |
| 27. | LG gold phone | N-93 |
| 28. | Samsung white Galaxy phone | N-94 |
| 29. | Huawei black phone | N-95 |

### C.    Devices Seized on March 7, 2017

22.    On March 7, 2017, this Court authorized a federal search and seizure warrant for "Containers of Items Located at 135 Carolina Street, Apartment H13, Vallejo, CA" (case No. 2:17-SW-0197 CKD). This search and seizure warrant applied to containers of CIPRIANO's items that had been left with a relative of CIPRIANO at this location. The authorization for this search is attached as Exhibit 2 to this affidavit.

23.    The following Devices were seized pursuant to Attachment B of this search warrant.

| No. | Device Description | Evidence No. |
|-----|-------------------|--------------|
| 30. | Samsung flip-phone with MEID A00000486B6B7 | N-106 |
| 31. | Samsung flip-phone with MEID A0000048D546B1 | N-107 |
| 32. | Samsung flip-phone with MEID A0000045C2B7F6 | N-108 |
| 33. | T-Mobile phone with serial no. AAA7NE10A1516985 | N-109 |
| 34. | Kyocera cell phone with IMEI 014289002998832 | N-110 |

24.     The Devices are currently in the lawful possession of the Drug Enforcement

Administration based on multiple search and seizure warrants executed in the Eastern District of

California. Therefore, while the Drug Enforcement Administration might already have all necessary

authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be

certain that an examination of the Devices will comply with the Fourth Amendment and other applicable

laws.

## IV.     TECHNICAL TERMS

25.     Based on my training and experience, I use the term "wireless telephone" to refer to a

handheld wireless device used for voice and data communication through radio signals.  These

telephones send signals through networks of transmitter/receivers, enabling communication with other

wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call

log," which records the telephone number, date, and time of calls made to and from the phone.  In

addition to enabling voice communications, wireless telephones offer a broad range of capabilities.

These capabilities include: storing names and phone numbers in electronic "address books;" sending,

receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs

and moving video; storing and playing back audio files; storing dates, appointments, and other

information on personal calendars; and accessing and downloading information from the Internet.

Wireless telephones may also include global positioning system ("GPS") technology for determining the

location of the device.

26.     Based on my training, experience, and research, I know that Devices N-58 through N-63,

N-69, N-84 through N-95, and N-106 through N-110 generally have capabilities that allow them to serve

as wireless telephones, digital cameras, portable media players, GPS navigation devices, and PDAs.  In

my training and experience, examining data stored on devices of this type can uncover, among other

things, evidence that reveals or suggests who possessed or used the device, and content demonstrating

1    unlawful conduct by the possessor or user of the device and individuals with whom the possessor or user

2    communicated.

3         27.    I also know, based on my training and experience, that computers can store vast amounts

4    of data, whether in the form of documents, communications, pictures, audio or visual files, drafts of the

5    foregoing, internet usage, or by other common uses of computers.  Examining data stored on computers

6    can also uncover, among other things, evidence showing the users of the computers and content

7    demonstrating unlawful conduct by the users and with people involved in the unlawful conduct.

8              **V.       ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

9         28.    Based on my knowledge, training, and experience, I know that electronic devices can

10   store information for long periods of time.  Similarly, things that have been viewed via the Internet are

11   typically stored for some period of time on the device.  This information can sometimes be recovered

12   with forensics tools.

13        29.    There is probable cause to believe that things that were once stored on the Devices may

14   still be stored there, for at least the following reasons:

15        a)      Based on my knowledge, training, and experience, I know that computer files or

16                remnants of such files can be recovered months or even years after they have been

17                downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files

18                downloaded to a storage medium can be stored for years at little or no cost.  Even when

19                files have been deleted, they can be recovered months or years later using forensic tools.

20                This is so because when a person "deletes" a file on a computer, the data contained in the

21                file does not actually disappear; rather, that data remains on the storage medium until it is

22                overwritten by new data.

23        b)      Therefore, deleted files, or remnants of deleted files, may reside in free space or slack

24                space-that is, in space on the storage medium that is not currently being used by an active

25                file-for long periods of time before they are overwritten.  In addition, a computer's

26                operating system may also keep a record of deleted data in a "swap" or "recovery" file.

27        c)      Wholly apart from user-generated files, computer storage media-in particular computers'

28                internal hard drives-contain electronic evidence of how a computer has been used, what it

has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task.  However, it is technically possible to delete this information.

d)     Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

30.     <u>Forensic evidence.</u>  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a)     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the Devices were in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b)     Forensic evidence on the Device can also indicate who has used or controlled them.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c)     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how the

Devices were used, the purpose of their use, who used them, and when.

d)      The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a given Device is evidence may depend on other information stored on the Device and the application of knowledge about how it behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e)      Further, in finding evidence of how a Device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

31.      Nature of examination.  Based on the foregoing, and consistent with Rule 41I(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

32.      Manner of execution.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

33.      With regard to whether this warrant requests a seizure of tangible property, the Government contends that the device has already been lawfully seized.  Out of an abundance of caution, however, the Government also contends that there is reasonable necessity for seizure. See 18 U.S.C. § 3103a(b)(2).  Specifically, the Government contends that the evidence stored on the device (including but not limited to local images, recordings, saved text messages, Internet history, etc.), may not be obtained in another reliable way at this time.

## VI.      CONCLUSION

34.      I submit that this affidavit supports probable cause for a search warrant authorizing the

1  examination of the Devices described in Attachment A to seek the items described in Attachment B.

2          35.    It is respectfully requested that this Court issue an order sealing, until further order of the

3  Court, all papers submitted in support of this application, including the application and search warrant.  I

4  believe that sealing these documents is necessary because the warrants are relevant to an ongoing

5  investigation into the criminal organizations.  Specifically, while four participants in the conduct –

6  RICHARDSON, CIPRIANO, SNOWDEN-HALL, and ROSS – have been indicted, not all participants

7  in the conduct have been arrested yet, and the investigation into the underlying conduct is ongoing.

8  Public disclosure of these documents could have the effect of alerting these individuals to the scope of

9  the Government's ongoing investigation, which in turn could cause them to destroy evidence, alter or

10  cease their pattern of behavior, or flee.  For these reasons, sealing of these documents until further order

11  of the Court is respectfully requested.

13                                          Respectfully submitted,

15                                          Sharon Jones
                                            Special Agent
16                                          Drug Enforcement Administration

18  Subscribed and sworn to before me on:  March 23, 2017

20  The Honorable Deborah Barnes
21  UNITED STATES MAGISTRATE JUDGE

24  /s/ OWEN ROTH
25  Approved as to form by AUSA OWEN ROTH

**ATTACHMENT A**

The property to be searched are the following items of evidence, hereinafter the "Devices," that are currently located at the DEA Sacramento District Office, 4328 Watt Avenue in Sacramento, California.  Each Device is presently sealed in an evidence bag and marked with specific evidence number, each beginning with "N-."  The Devices to be searched are the following:

| No. | Device Description | Evidence No. |
|---|---|---|
| 1. | ASUS customized desktop computer | N-47 |
| 2. | Android ZTE phone, with case bearing the word "CHILL" | N-58 |
| 3. | Samsung white phone | N-59 |
| 4. | Alcatel black flip-phone | N-60 |
| 5. | Metro PCS phone | N-61 |
| 6. | Kyocera black phone | N-62 |
| 7. | Alcatel black "one-touch" phone | N-63 |
| 8. | Toshiba black laptop computer with serial no. XF01803P | N-64 |
| 9. | Toshiba black laptop computer with serial no. 3A269380Q | N-65 |
| 10. | Samsung black flip-phone | N-69 |
| 11. | HP model HP19 computer and monitor, with serial no. 3CR4390Y95 | N-71 |
| 12. | HP model Pavilion 20 computer and monitor, with serial no. 3CR30409J1 | N-72 |
| 13. | Lenovo machine-type 10110 computer and monitor, with serial no. CS00739935 | N-73 |
| 14. | Machines computer tower with SRO number 390536 | N-80 |
| 15. | Gateway computer | N-81 |
| 16. | Corsair black computer tower | N-82 |
| 17. | "My Passport" mini-computer | N-83 |
| 18. | Samsung white phone model SM-G360T1 | N-84 |
| 19. | Samsung black phone SGH-T599N UD | N-85 |
| 20. | LG black and blue flip-phone | N-86 |
| 21. | Nokia black and blue phone | N-87 |
| 22. | Nokia Model 100 blue phone | N-88 |
| 23. | LG black S/W V10e phone | N-89 |
| 24. | White iPhone | N-90 |
| 25. | Verizon black 4G LTE phone | N-91 |
| 26. | Black iPhone | N-92 |
| 27. | LG gold phone | N-93 |
| 28. | Samsung white Galaxy phone | N-94 |
| 29. | Huawei black phone | N-95 |
| 30. | Samsung flip-phone with MEID A00000486B6B7 | N-106 |
| 31. | Samsung flip-phone with MEID A0000048D546B1 | N-107 |
| 32. | Samsung flip-phone with MEID A0000045C2B7F6 | N-108 |
| 33. | T-Mobile phone with serial no. AAA7NE10A1516985 | N-109 |
| 34. | Kyocera cell phone with IMEI 014289002998832 | N-110 |

This warrant authorizes the forensic examination of the Devices for the purpose of

identifying the electronically stored information described in Attachment B.  Should law

enforcement determine that a given Device belongs to an individual who is not believed to be part of the investigation, and that the Device contains no evidence relevant to the investigation, law enforcement will return that Device.

**ATTACHMENT B**

1.　　　All records on the Devices described in Attachment A that relate to violations of Title 21, United States Code, Sections 841, 843, 846, 856, 331, and Title 18, United States Code, Sections 371, 1956, 1957, 2320, and 922 and involve Jamie RICHARDSON, Rommel CIPRIANO, Michael SNOWDEN-HALL, Jaymar ROSS, and others involved in the forgoing violations including:

　　　a.　Communications evidencing any of the foregoing violations, whether in draft or complete form, drafted or sent in any communications medium such as a communications application (e.g., WhatsApp, SnapChat), text message, e-mail, and in any form (e.g., text message, picture, emoji, video or audio file) and whether with a supplier, customer, or other participant in the conduct underlying the foregoing violations

　　　b.　Documents evidencing acquisition, use, sale, maintenance or refurbishment, or storage of any items used in the process of cultivating marijuana or of mixing substances for pressing into tablet form and any items used to cultivate marijuana or press substances into tablet form, including but not limited to pill presses, parts for pill presses, dyes, trays, lights, power-generating or supplying equipment, water or nutrient distribution

　　　c.　Documents evidencing any efforts to study authentic drugs and controlled substances manufactured by pharmaceutical companies, including efforts to understand the physical or chemical properties of such drugs and controlled substances and how to mimic or copy them

　　　d.　Documents evidencing acquisition, distribution, sale, storage, of disposal of any drug or controlled substance and any material to be mixed with a controlled substance

　　　e.　Documents evidencing any use or movement of proceeds from the manufacturing, creating, and distributing of counterfeit drugs or controlled substances

　　　f.　Documents evidencing customers, potential customers, former customers, all for counterfeit drugs and controlled substances, and related identifying information

　　　g.　Documents evidencing types, amounts, and prices of counterfeit drugs and controlled substances trafficked as well as dates, places, and amounts of specific transactions, and as well as the ingredients in each of the drugs or controlled substances

　　　h.　All bank records, checks, credit card bills, account information, and other financial records.

      i.   Account usernames or identifiers related to e-mail services, communications applications services, or cloud-based storage services

      j.   Any documents recording computer, tablet, or wireless phone use

      k.  Metadata concerning any of the foregoing

2.     All names, words, telephone numbers, e-mail addresses, communications applications registered usernames, passwords, time/date information, messages or other electronic data in the memory of the Devices or on any server associated with the Devices.

3.     Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "Documents" and "Information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created, used, or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data), any photographic or text-based form, and in whatever folder, file, application (including wireless telephone "apps"), program, or other structure they are located in.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of                          )
                                                        )
Evidence Item N-109, currently located at the DEA       )       Case No.
Digital Evidence laboratory in Lorton, Virginia         )
                                                        )       2:17 - SW - 7 4 5  DB
                                                        )

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Eastern _____ District of _____ California _____ *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _Sept. 1, 2017_ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.      ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _30_ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   _8-18-17 @ 3:55pm_          _____
                                                          *Judge's signature*

City and state:     Sacramento, California          Deborah Barnes, U.S. Magistrate Judge
                                                          *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____

Signature of Judge                                                    Date

## ATTACHMENT A

The property to be searched is the following item of evidence, hereinafter the "Device,"

that is currently in the custody of the DEA.

| Device Description | Evidence No. |
|---|---|
| T-Mobile phone with serial no. AAA7NE10A1516985 | N-109 |

This warrant authorizes the forensic examination of the Device for the purpose of

identifying the electronically stored information described in Attachment B.  Should law

enforcement determine that the Device belongs to an individual who is not believed to be part of

the investigation, and that the Device contains no evidence relevant to the investigation, law

enforcement will return that Device.

**ATTACHMENT B**

1.      All records on the Device described in Attachment A that relate to violations of
Title 21, United States Code, Sections 841, 843, 846, 856, 331, and Title 18, United States Code,
Sections 371, 1956, 1957, 2320, and 922 and involve Jamie RICHARDSON, Rommel
CIPRIANO, Michael SNOWDEN-HALL, Jaymar ROSS, and others involved in the forgoing
violations including:

a.   Communications evidencing any of the foregoing violations, whether in draft or
complete form, drafted or sent in any communications medium such as a
communications application (e.g., WhatsApp, SnapChat), text message, e-mail,
and in any form (e.g., text message, picture, emoji, video or audio file) and
whether with a supplier, customer, or other participant in the conduct underlying
the foregoing violations

b.   Documents evidencing acquisition, use, sale, maintenance or refurbishment, or
storage of any items used in the process of cultivating marijuana or of mixing
substances for pressing into tablet form and any items used to cultivate marijuana
or press substances into tablet form, including but not limited to pill presses, parts
for pill presses, dyes, trays, lights, power-generating or supplying equipment,
water or nutrient distribution

c.   Documents evidencing any efforts to study authentic drugs and controlled
substances manufactured by pharmaceutical companies, including efforts to
understand the physical or chemical properties of such drugs and controlled
substances and how to mimic or copy them

d.   Documents evidencing acquisition, distribution, sale, storage, of disposal of any
drug or controlled substance and any material to be mixed with a controlled
substance

e.   Documents evidencing any use or movement of proceeds from the manufacturing,
creating, and distributing of counterfeit drugs or controlled substances

f.   Documents evidencing customers, potential customers, former customers, all for
counterfeit drugs and controlled substances, and related identifying information

g.   Documents evidencing types, amounts, and prices of counterfeit drugs and
controlled substances trafficked as well as dates, places, and amounts of specific
transactions, and as well as the ingredients in each of the drugs or controlled
substances

h.   All bank records, checks, credit card bills, account information, and other
financial records.

    i.   Account usernames or identifiers related to e-mail services, communications applications services, or cloud-based storage services

    j.   Any documents recording computer, tablet, or wireless phone use

    k.  Metadata concerning any of the foregoing

2.      All names, words, telephone numbers, e-mail addresses, communications applications registered usernames, passwords, time/date information, messages or other electronic data in the memory of the Device or on any server associated with the Device.

3.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "Documents" and "Information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created, used, or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data), any photographic or text-based form, and in whatever folder, file, application (including wireless telephone "apps"), program, or other structure they are located in.